Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Norma Haggard**, an Arizona resident; | Case No. 3:21-CV-08126-JJT |
| Plaintiff, | |
| v. | **PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT** |
| **Shashikant Patel d/b/a Super 8 Holbrook,** an Arizona resident; and **Bhacrati Patel,** an Arizona resident; | |
| Defendants. | **(Assigned to the Hon. John J. Tuchi)** |

Plaintiff Norma Haggard, for her Verified Complaint against Defendants Shashikant Patel d/b/a Super 8 Holbrook and Bhacrati Patel hereby allege as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and; A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants'

violations of the FLSA and Arizona Minimum Wage Statute.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Norma Haggard resided in the District of Arizona.

7. Plaintiff Norma Haggard was an employee of Defendants from in or around January 2021 until on or around May 7, 2021.

8. At all relevant times, Plaintiff Norma Haggard was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times, Plaintiff Norma Haggard was an employee of Defendants as defined by A.R.S. § 23-362(A).

10. Defendant Shashikant Patel is an Arizona resident.

11. Defendant Shashikant Patel has directly caused events to take place giving rise to this action.

12. Defendant Shashikant Patel is an owner of Super 8 Holbrook.

13. Defendant Shashikant Patel is a manager of Super 8 Holbrook.

14. Defendant Shashikant Patel is a member of Super 8 Holbrook.

15. Defendant Shashikant Patel is an employer of Super 8 Holbrook.

16. Pursuant to the Arizona Corporation Commission, HOLBROOK MOTEL INVESTORS, LLC is inactive and was voluntarily terminated on June 15, 2021 after the original complaint was filed.

17. Defendant Shashikant Patel has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Defendant Shashikant Patel has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

19. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Shashikant Patel is an employer.

20. Defendant Shashikant Patel supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

21. Defendant Shashikant Patel would approve Plaintiff's work schedules.

22. Defendant Shashikant Patel determined the rate and method of Plaintiff's payment of wages.

23. Defendant Shashikant Patel ran Plaintiff's payroll.

24. Plaintiff received payment from Defendant Shashikant Patel through a service called Chime and the payment was sent from "Super 8 holbrook".

25. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Shashikant Patel is subject to individual and personal liability under the FLSA.

26. Defendant Bhacrati Patel is an Arizona resident.

27. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Bhacrati Patel and Defendant Shashikant Patel were legally married.

28. Defendant Bhacrati Patel and Defendant Shashikant Patel have caused events to take place giving rise to this action as to which their marital community is fully liable.

29. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

30. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

31. Defendants, and each of them, are sued in both their individual and corporate capacities.

32. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

33. Plaintiff has a reasonable belief, in her work for Defendants, that she was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2021.

34. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

35. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

36. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

37. Plaintiff used the telecommunication application WhatsApp for work

communication.

38. Plaintiff is a covered employee under individual coverage.

39. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

40. Super 8 Holbrook is a motel.

41. In or around January 2021, Plaintiff Norma Haggard commenced employment with Defendants as a housekeeper.

42. Plaintiff's primary job duties included cleaning and customer service.

43. From in or around January 2021 until May 7, 2021, Plaintiff Norma Haggard was to be paid $12.25 an hour.

44. Plaintiff was a non-exempt employee.

45. Plaintiff has not received her final two paychecks from Defendants.

46. Plaintiff estimates that she is owed wages for approximately 120 hours of work in the amount of $1,470.

47. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages owed to her.

48. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

49. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

50. Plaintiff incorporates by reference all of the above allegations as though fully

set forth herein.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

52. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

53. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

54. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C. § 206.

55. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

56. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

57. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

58. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

59. Defendants have not made a good faith effort to comply with the FLSA.

60. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

61. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

62. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

63. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

64. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

65. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

B. For the Court to award backpay including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

F. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

G. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

H. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 22, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Norma Haggard declares under penalty of perjury that she has read the foregoing First Amended Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Norma Haggard