Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **Norma Haggard**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Shashikant Patel d/b/a Super 8 Holbrook,** an Arizona resident; and **Bhacrati Patel,** an Arizona resident;<br><br>Defendants. | Case No. 3:21-CV-08126-JTT<br><br>**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>**(Assigned to the Hon. John J. Tuchi)** |

Plaintiff Norma Haggard, pursuant to F.R.Civ.P. 4(e)(1) and Ariz.R.Civ.P. 4.1(k), hereby respectfully requests that this Court enter an Order allowing alternative service of the Summons and Amended Complaint. Plaintiff seeks for leave to serve Defendant Shashikant Patel and Bhacrati Patel ("**Defendants**" or "**Patels**") by providing an additional copy via regular US Mail and certified US Mail to their personal residence and business address listed on the Arizona Corporation Commission. The reason for this motion is because extensive efforts at personal service have failed and Plaintiff has good cause for failure to personally serve Defendants.

This motion is supported by the following Memorandum of Facts and Authorities, affidavits of process servers, and the pleadings and matters of record.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On June 3, 2021, Plaintiff filed her Verified Complaint against Holbrook Motel Investors, LLC d/b/a Super 8 by Wyndham and Shashikant Patel (Dkt. 1).

2. On June 10, 2021, Defendant Shashikant Patel was served the Summons and Verified Complaint by the process server serving his wife Bhacrati Patel at their residence. (Dkt. 7).

3. On June 10, 21, process server Mark Hepp served the original Verified Complaint at 1907 W. Side Canyon Trail. Mr Hepp stated that "[t]he home has a large courtyard leading to the front door. The entrance to the courtyard is gated and locked. There is a doorbell outside the gate. After ringing the doorbell, a female of Eastern Indian descent walked into the courtyard and approached the gate. Approx. 55-65; 5'3"; 150lbs; black hair and no eyeglasses. She identified herself as Shashikant's wife. I could not understand the pronunciation her name so I asked her to write it out for me. I served Mr. Patel's wife, Bhacrati Patel for herself, and on behalf of Shashikant Patel at their usual place of abode. I explained that another set of documents I possessed was for Holbrook Motel Investors, LLC d/b/a Super 8 by Wyndham Holbrook, and required personal delivery to Shahikant, or authorization from him to leave it with her. I asked her if she could call him for authorization so I could leave the documents for Holbrook Motel investors, LLC with her. Mrs. Patel walked away and returned minutes later to state that she was unable to reach him on the phone. She then attempted to hand the set of documents for Mr. Patel back to me, stating

she could not accept them as the address was incorrect. Her comment about the address and the length of time she was gone made me suspect she did have a conversation with Mr. Patel. I provided her my business card and asked that Mr. Patel call me, and stated that I would need to return if I did not hear from him. I told her that I could not accept the documents back, that she had been served, and to make sure that Mr. Patel received them along with my business card." *See attached* "Exhibit A in Exhibit 1 and 2".

4. On June 14, 2021, Mr. Hepp stated "[a]t 8:16 AM at 1907 W. Side Canyon Trail. I rang the doorbell outside the gated courtyard and saw an elderly woman of Eastern Indian descent walk by a large window. She opened the main entry door to the house (20 feet away from the gated courtyard), and I yelled hello. She held up her left hand, nodded, and looked back as if to knowledge my presence and to indicate that she was going to get someone. She closed the door and retreated inside. A few minutes later I saw her walk by the large window and look out at me. She then walked away. I waited five minutes before ringing the doorbell a second time. Over the next several minutes, I rang the doorbell an additional three times and there was no answer. I took that as a sign that they were not going to answer the door. Note that the blue recycle bin was in the curb for collection." *See attached* "Exhibit A in Exhibit 1 and 2".

5. On June 17, 2021, Mark Hepp stated that "[a]t 8:39am at 1907 W. Side Canyon Trail. No answer. A charcoal Gray Hyundai Elantra with California plate 8MZZ111 was parked in the driveway. A pair of sandals were on the mat at the entrance of the front door." *See attached* "Exhibit A in Exhibit 1 and 2".

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

6. On July 22, 2021, Plaintiff filed her First Amended Verified Complaint against Defendants Shashikant Patel and Bhacrati Patel (Dkt 15).

7. On July 26, 2021, Mr. Hepp attempted to serve the Amended Complaint. He stated that "[a]t 1:45 PM at 1907 W. Side Canyon Trail. No answer. I did not see any visible interior or exterior lights on. No vehicles were in the driveway. There was a plastic bucket in the entry and a pair of sandals next to the door." *See attached* "Exhibit A in Exhibit 1 and 2".

8. On July 29, 2021, Mr. Hepp attempted to serve the Amended Complaint. "At 8:09 at 1907 W. Side Canyon Trail. No vehicles were in the driveway and I did not see any lights on. Standing outside the gated entrance and waiting for someone to answer the door, I heard a noise towards the street. I quickly walked away from the gate and saw a gray Tesla back out of the garage. They quickly drove away. I ran to my car and tried to give chase, hoping to catch them at an intersection. The Tesla was driving at such a fast rate of speed, they disappeared quickly.

I began to wonder if the Tesla was a deliberate tactic to remove me from the residence in hopes I would give chase. Hence, I returned to the residence and parked at the far end of the street. I was contemplating my next move while waiting to see if someone would leave, or return home. I waited approximately 15 minutes before deciding to check the community center I passed on my way in...continued below…

I drove .6 miles from the residence to the Fireside at Norterra Community Center located at 28185 N Melvern Trl, Phoenix, AZ 85085 and saw the gray Tesla, that had sped away from the residence, in the parking lot. At 7.29.21 at 8:28 AM, I parked in the adjacent parking spot and knocked on the driver's side window. A female,

approximately 30, was sitting in the driver seat texting. As she lowered the driver's side window, I asked her if she was Ms. Patel and she said "yes". I asked her if she was the daughter of Shashikant Patel, and she said "yes". I Identified myself as a process server and explained that I had legal documents for her parents. As she stumbled to find the words, she claimed that she never sees them and and was refusing to accept the documents. She did not appear to be truthful. I reminded her that just several minutes ago, she opened the garage door and sped away in this same vehicle. She just stared at me. I told her I was serving her the documents on behalf of her parents and when she did not take them from my hand, I placed the documents on her vehicle dash. I advised her to give the documents to her parents, and asked her if she wanted to provide her name for the record. She refused to provide it. Female; Eastern Indian descent, approx. 30, dark hair, eyeglasses, and was wearing a baseball cap at the time." *See attached* "Exhibit A in Exhibit 1 and 2".

9. On July 30, 2021, Mr. Hepp mailed documents to Defendants. "Per request from Plaintiff's attorney, I mailed copies of the served documents individually to Shashikant Patel and Bhacrati Patel at 1907 W. Side Canyon Trail and prepared envelopes, with a 3rd set of documents to each party, to leave at the entrance of their residence." *See attached* "Exhibit A in Exhibit 1 and 2".

10. On July 31, 2021, Mr. Hepp delivered the printed documents. "At 11:40 AM at 1907 W. Side Canyon Trail. As I entered the cul-de-sac I could see the garage door was open and a vehicle was parked on the left side of the garage and a second vehicle (Black Honda accord) was parked in the driveway behind it. As I approached the home, the garage door began to lower and I could see a backlit figure standing in the

back of the garage staring in my direction. By the time I arrived at the home the garage door was fully closed. While could not see the make and model of the car parked in the garage, it was charcoal gray (like the Tesla driven by the adult daughter). As I approached a gated entrance from the walkway, pressed the doorbell and saw a figure briskly walk by a large open window. When there was no answer, I placed the sealed envelopes inside the gated area, where they could not be easily reached from the outside, captured them with a photograph, and left the property." *See attached* "Exhibit A in Exhibit 1 and 2".

## LEGAL ARGUMENT

**Alternative Service is Appropriate Because Plaintiff Has Shown that Traditional Service is Impracticable and Because Alternative Service Would Comport with Due Process.**

Pursuant to F.R.Civ.P. 4(e)(1), "[u]nless federal law provides otherwise, an individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or (2) by personally delivering a copy to the person to be served, leaving it at their residence with an adult resident, or delivering it to an authorized agent.

Arizona similarly allows for service of process to an individual by personally delivering a copy to the person to be served, leaving it at their residence with a personal of suitable age and discretion, or by delivering it to an authorized agent. Ariz.R.Civ.P. 4.1(d). Arizona law also provides for alternative means of service "[i]f a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may--on motion and without notice to the person to be served--order that service may be

accomplished in another manner." Ariz.R.Civ.P. 4.1(k). The Court should grant Plaintiff's request for alternative service on Defendants, namely, via US Mail and Certified US Mail to their residence and business address – because personal service, as evidenced by Mr. Hepp in Exhibit A, is impracticable and because this alternative method of service comports with due process.

### A. Personal Service Upon Defendants is Impracticable Because Plaintiff Has Made Reasonable but Unsuccessful Attempts to Serve Them.

First, Plaintiff has met her burden to show that "the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable" sufficient to justify alternative service under Ariz. R. Civ. P. 4.1(k). In determining whether service is "impracticable," courts consider not whether service is "impossible, but rather that service would be 'extremely difficult or inconvenient.'" *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 10 ¶ 31, 433 P.3d 549, 558 (Ct. App. 2018)(citing *Blair v. Burgener*, 226 Ariz. 213, 218 ¶¶ 16-17, 245 P.3d 898 (App. 2010)(internal citations omitted).

In *Bank of New York Mellon v. Dodev*, the court found that an affidavit of non-service showing five attempts to serve the defendant at different times of the day was sufficient to show that personal service was impracticable. *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 10, 433 P.3d 549, 558 (Ct. App. 2018). Similarly, in *Blair v. Burgener*, the Court concluded that five attempts to personally serve Defendant at his residence and business at various times of day and seven attempts to locate the defendant at his office was sufficient to show impracticability of personal service. *Blair*, 226 Ariz. 213 at 904 ¶18. In *Sobh v. Phoenix Graphix Inc.*, No. CV-18-04073-PHX-DWL, 2019 WL 8326075, at *2 (D. Ariz. Jan. 10, 2019), the Court concluded that a mere four attempts to serve a defendant at their

place of business over the course of one week and two unsuccessful attempts to gain access to defendant's residential gated community showed that traditional service is impracticable. The Court noted that, while the plaintiff had not gone through "great effort" to serve defendant, "great effort" was not required to show impracticability. *Id.*

Here, Plaintiff has gone beyond the attempts at personal service made in *Bank of New York Mellon*, *Blair*, and *Sobh*. Plaintiff has made three attempts to personally serve the original complaint on Mr. Patel and his company and was successful in serving his wife, who was later added in as a defendant. Plaintiff then made three attempts to serve the amended complaint on both the husband-and-wife Defendants. Plaintiff even served their daughter, who may or may not be living at their residence with them. In addition, Plaintiff mailed a copy to their residence and left a copy in their fence, where they were likely to retrieve. Therefore, Plaintiff has shown sufficient information to prove that personal service through traditional means is impracticable.

**B. Alternative Service via US Mail/ Certified US Mail Comports with Due Process Because Defendants Indisputably Have Actual Knowledge of the Pending Action Against Them.**

Because Plaintiff has met her burden to show that traditional personal service is impracticable, the court must next consider whether her proposed alternative method for service – providing a copy of the Summons and Verified Complaint via US Mail and Certified US Mail to Defendants' home address and business address – comports with due process. In evaluating whether service comports with due process, the court must consider whether it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-1017 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Alternative service via US Mail and Certified Mail for defendants undoubtedly apprises Defendants of the action and gives them an opportunity to present their objections.  First, Mrs. Patel has already been served for Mr. Patel with the original complaint, which has been served under the traditional method (Dkt. 7).  Both Patels are undoubtedly aware of the pending complaint against them.  Their daughter was also served.  The summons and complaint were already mailed and were left at the doorstep of their residence.  There can be no argument that the Patels do not already have actual notice of the pending action against them.  Therefore, because the Patels have knowledge of the action against them and will receive sufficient notice of that action through service by US Mail and Certified US Mail to their residence at 1907 W. Side Canyon Trail, Phoenix, AZ 85085, and business address on the Arizona Corporation Commission of the now inactive Holbrook Motel Investors, LLC at 2596 E NAVAJO BLVD, HOLBROOK, AZ, 86025, this alternative method of service comports with due process.

## **CONCLUSION**

For the reasons established above, Plaintiff respectfully requests the Court grant her motion for leave to serve Defendants through alternative means, namely, by providing a copy of the Summons and Complaint via US Mail and US Certified Mail to their residential address and business address.

RESPECTFULLY SUBMITTED August 3, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2021, I electronically transmitted the foregoing document to the United States District Court, District of Arizona Court Clerk, using the CM/ECF System and sent via US mail to:

Shashikant Patel
Bhacrati Patel
2596 Navajo Blvd.
Holbrook, AZ 86025

Shashikant Patel
Bhacrati Patel
1907 W. Side Canyon Trl.
Phoenix, AZ 85085

/s/ Ashley Peschke